IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ZEYA ICQUISE DIXON,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>WARDEN SCI MERCER, ARMSTRONG COUNTY DISTRICT ATTORNEY, and ARMSTRONG COUNTY,<br><br>　　　　Respondents. | Civil Action No. 2:24-cv-1441<br><br>United States Magistrate Judge<br>Christopher B. Brown |

**MEMORANDUM OPINION GRANTING
MOTION TO DISMISS ON FAILURE TO EXHAUST STATE COURT
REMEDIES, ECF NO. 10**

**Christopher B. Brown, United States Magistrate Judge**

　　Zeya Icquise Dixon, a state prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 4.  Respondents filed the pending motion to dismiss. ECF No. 10.  Dixon filed a brief in opposition. ECF No. 18.  The motion is ripe for disposition.[1]

　　For the following reasons, the motion will be granted and the petition will be dismissed without prejudice to Dixon commencing another federal case if, after the exhaustion of his state-court remedies, he does not receive the relief he seeks in state court.  To the extent one is needed, a certificate of appealability will be denied.

---

[1]　　All parties have consented to jurisdiction before a United States Magistrate Judge pursuant to 28 U.S.C. § 636.  *See* ECF Nos. 13 and 14.

1

I.  **Relevant Background**

Dixon is challenging his April 30, 2024, judgment of sentence in the Court of Common Pleas of Armstrong County at Case No. CP-03-CR-0000700-2023. ECF No. 4, ¶10.[2] On April 30, 2024, after pleading guilty to one count each of stalking, false imprisonment, defiant trespass, and harassment, Dixon was sentenced to an aggregate sentence of 25 to 72 months imprisonment. ECF No. 10-1. He did not file a direct appeal. A review of the Armstrong County Court of Common Pleas docket reveals that no collateral petition under the PCRA has been filed. *Id.*

Rather, on October 15, 2024, Dixon initiated the instant case by filing a petition for writ of habeas corpus in this Court. ECF No. 4. Dixon raises four grounds for relief, all ineffective assistance of counsel claims:

> GROUND ONE: "Ineffective counsel." ECF No. 4, Ground One, ¶ (a). "I was then given court-appointed counsel Taylor Johnson wrote him letters to appeal plea deal and the sentence calculation for 3 months after sentencing." *Id.,* ¶ (c).
>
> GROUND TWO: "Plea withdrawl. I took a no contest plea under advisal of counsel. I told Taylor Johnson I wanted to withdraw the plea deal. Reason being I told Justin Carpenter I would plea to 11-1/2 to 23. . . . later that day I unexpectedly to an open plea." *Id.,* Ground Two, ¶ (a). "Asked for direct appeal to Taylor M. Johnson he never filed a motion to appeal." *Id.,* ¶ (c).
>
> GROUND THREE: "Unsigned warrant and affidavit of probable cause by judge. No Exigent circumstance to arrest me from my home." *Id.,* Ground Three, ¶ (a). "Ineffective assistance of counsel from both Armstrong

---

[2]  Respondents attached a copy of Dixon's criminal case docket to their motion. ECF No. 10-1. An up-to-date version of the docket sheet is available to the public online at https://ujsportal.pacourts.us and the Court takes judicial notice of it.

>   County pubic defenders office and court appointed
>   attorney." *Id.,* ¶ (c).
>
>   GROUND FOUR: "Reinstate appeal rights due to counsel
>   not effectively filing direct appeal when I asked him to, in
>   a timely manner." *Id.,* Ground Three, ¶ (a).

*See* ECF No. 4 (quoted verbatim). Respondents filed the instant motion to dismiss arguing the case should be dismissed because Dixon has yet to complete a full round of state court review, either by a direct appeal or a collateral challenge. ECF No. 10. Dixon filed a brief in opposition. ECF No. 18. He did not address Respondents' argument; rather, he contends "this case is NOT about ineffective assistance of counsel . . . This case is about a violation of the Petitioners 4th, 5th, 6th, 8th, and 14th Amendment Constitutional Rights which led to the Petitioner's unlawful confinement." ECF No. 18.

## II. Discussion and Analysis

Generally, state prisoners must complete the exhaustion of their available state-court remedies before a district court may determine the merits of their habeas claims. *See Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C.§ 2254(b)). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides:

>   (b)(1) An application for a writ of habeas corpus on behalf
>   of a person in custody pursuant to the judgment of a State
>   court shall not be granted unless it appears that –
>
>   >   (A) the applicant has exhausted the remedies
>   >   available in the courts of the State; or
>
>   >   (B)(i) there is an absence of available State
>   >   corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b) and (c). Pursuant to § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he has the right under state law to raise by any available procedure the question presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999) (explaining that a petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims.).

In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct or collateral review. A rigorously enforced "total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012); *see also*

*Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir.), *cert. denied*, 568 U.S. 1036 (2012). The habeas petitioner has the burden of establishing that exhaustion has been satisfied. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), *as amended* (Jan. 16, 1998)).

Generally, if the petitioner fails to meet this burden, the petition will be dismissed without prejudice, so that the petitioner may exhaust his claims in state court. *See, e.g., Rhines v. Weber*, 544 U.S. 269, 273-79 (2005) (discussing the general rule as set forth in *Rose v. Lundy*, 455 U.S. 509 (1982) and the limited exception to it,[3] which exception does not apply in this case. Federal court intervention would be premature whenever a state procedure still affords a petitioner with an opportunity to obtain relief from the judgment of sentence that he seeks to attack in a federal habeas proceeding. *See, e.g., Lambert,* 134 F.3d at 513 ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").

In this case, Dixon entered a guilty plea and was sentenced on April 30, 2024. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *See* 42 Pa.C.S. §

---

[3]  After Congress enacted AEDPA, federal habeas courts were faced with how to resolve the interaction between AEDPA's one-year statute of limitations (codified at 28 U.S.C. § 2244(d)) and the pre-AEDPA rule set forth in *Rose v. Lundy*, 455 U.S. 509 (1982) that required federal courts to dismiss without prejudice habeas petitions that contain unexhausted claims. *Rhines v. Weber,* 544 U.S. 269, 275 (2005). In *Rhines*, the Supreme Court held that in order to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court and ask the district court to stay the federal habeas proceeding until state remedies are exhausted.

9545(b)(3). Because Dixon did not file a direct appeal, his conviction became final on May 31, 2024, thirty (30) days after the expiration of the time for seeking review.

The Pennsylvania Post-Conviction Relief Act ("PCRA") provides that a PCRA petition shall be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). Thus, Dixon has until May 31, 2025, to file a timely PCRA petition in which he may allege ineffective assistance of counsel claims. He is still well within the applicable filing window.[4] As such, the claims presented in this habeas petition are unexhausted, but not procedurally defaulted as the time has not expired on when Dixon may file a timely PCRA petition.

Because Dixon has not completed the exhaustion of his state remedies, the Court will dismiss the petition without prejudice to Dixon's right to timely file another habeas petition, under 28 U.S.C. § 2254, following proper exhaustion of available state court remedies and satisfaction of any other applicable procedural prerequisites.

## III. Certificate of Appealability

AEDPA codified standards govern the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final

---

[4] As Respondents note, the state court docket indicates Dixon sent a letter to the Court of Common Pleas, which was docketed on July 5, 2024 and was noted parenthetically on the docket as a "Petition for Writ of Habeas Corpus." It does not appear from the public docket that the Court construed this letter as a PCRA petition.

order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.*, § 2253(c)(2).

To the extent a certificate of appealability is needed, Dixon is not entitled to one as jurists of reason would not find it debatable that the claims presented in this habeas petition are unexhausted, but not procedurally defaulted as the time has not expired on when Dixon may file a timely PCRA petition.

### IV. Conclusion

Based upon the foregoing, the motion to dismiss will be granted and the petition dismissed without prejudice. To the extent one is needed, a certificate of appealability will be denied. An appropriate Order follows.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge


cc:   ZEYA ICQUISE DIXON
      QQ4384
      SCI MERCER
      801 BUTLER PIKE
      MERCER, PA 16137
      (via U.S. First Class Mail)

      Gregory J. Simatic
      Office of Attorney General
      (via ECF electronic notification)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ZEYA ICQUISE DIXON. | ) |
| | ) |
| Petitioner, | ) Civil Action No. 2:24-cv-1441 |
| | ) |
| vs. | ) |
| | ) United States Magistrate Judge |
| WARDEN SCI MERCER, ARMSTRONG COUNTY DISTRICT ATTORNEY, and ARMSTRONG COUNTY, | ) Christopher B. Brown |
| | ) |
| Respondents. | ) |

**ORDER**

**AND NOW**, this 18th day of February, 2025, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED** the motion to dismiss is **GRANTED** and the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Zeya Icquise Dixon is **DISMISSED** without prejudice to Dixon commencing another federal case if, after the exhaustion of his state-court remedies, he does not receive the relief he seeks in state court.

**IT IS FURTHER ORDERED** that to the extent one is needed, a certificate of appealability is **DENIED**.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge